FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

11 APR 25 PM 2:57

STEPHEN R. LUDWIG, CLERK
U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT
OF INDIANA

SHANNON DANIELS,

    Plaintiff,

v.

H.H. GREGG APPLIANCES, INC.,
d.b.a hhgregg

    Defendant.

Case No.

3:11CV 178

## COMPLAINT

Plaintiff, Shannon Daniels, by counsel, files this Complaint against Defendant H.H. Gregg Appliances, Inc. d.b.a. hhgregg and alleges:

### *JURISDICTION AND PARTIES*

1. The action is brought to remedy discrimination on the basis of disability and retaliation in the terms, conditions and privileges of employment in violation of Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12101 *et seq.* ("ADA"), which incorporates by reference Section 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-5.

2. All conditions precedent to jurisdiction under Section 706 of Title VII, 42 U.S.C. 2000e-5(f)(3), have occurred or been complied with.

3. A charge of employment discrimination on the basis of disability was filed with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the commission of the unlawful employment practice alleged herein.

4. A Notification of Right to Sue was received from the EEOC on January 25, 2011.

5. Plaintiff Shannon Daniels is a citizen of the United States and the State of Indiana who resides at 1702 ½ Marine Street, South Bend, Indiana 46613.

6. All the discriminatory employment practices alleged herein were committed within the state of Indiana.

7. Defendant H.H. Gregg Appliances, Inc. d.b.a. hhgregg ("hhgregg") is a Delaware corporation doing business in the State of Indiana with an office and its corporate headquarters located at 4151 East 96th Street, Indianapolis, IN 46240.

8. hhgregg is a "person" within the meaning of Section 101(7) of the ADA, 42 U.S.C. 12111(7), and Section 701 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e.

9. hhgregg is engaged in an industry that affects commerce within the meaning of Section 101(7) of the ADA, 42 U.S.C. 12111(7), and Section 701 of the Civil Rights Act of 1964, 42 U.S.C. 2000e.

10. hhgregg employs 15 or more employees and is an "employer" within the meaning of Section 101(5)(A) of the ADA, 42 U.S.C. 12111(5)(A).

## STATEMENT OF THE CLAIM

11. Mr. Daniels was hired by hhgregg on July 17, 2008 in the warehouse.

12. During the entire course of Mr. Daniels' employment with hhgregg, Mr. Daniels' performance was satisfactory. Mr. Daniels fully, adequately and completely performed all of his job duties.

13. Mr. Daniels is disabled in that he only has vision out of one eye; the other eye is actually a false eye.

14. During Mr. Daniels' entire term of employment with hhgregg, Mr. Daniels was teased, tormented and harassed by his Manager Kyle Leaham in regards to the fact that he was missing an eye.

15. Mr. Daniels repeatedly requested that Mr. Leaham stop, and when the harassment would not stop, Mr. Daniels complained to his Regional Manager Larry Keller who did nothing to resolve the harassment.

16. Mr. Daniels then complained to his General Manager Tim Stuart who counseled Mr. Leaham in Mr. Daniels' presence to stop the harassment, which only stopped for a brief time.

17. When the harassment by Mr. Leaham began again, Mr. Daniels complained further up the ladder to Corporate Human Resources, but nothing was done.

18. On February 3, 2010 Mr. Daniels complained to Mr. Marvin Bird, who was the new Regional Manager, about the lack of action by the company in regards to the harassment. Mr. Bird simply told Mr. Daniels to stop complaining since Mr. Leaham had been transferred to a new store.

19. During this same time, Mr. Daniels was continuously asked to perform duties beyond his job responsibilities; responsibilities specifically assigned to other employees.

20. Mr. Daniels was the only employee asked to perform some job responsibilities, which were those of his co-workers.

21. Mr. Daniels was asked to perform additional job duties in retaliation for complaining of illegal discrimination.

22. On June 10, 2010, Mr. Daniels filed a Charge of Discrimination with the EEOC.

23. On June 25, 2010, Mr. Daniels was again asked to perform job duties that were actually assigned to other co-workers to perform. Mr. Daniels refused to do the work of his co-workers, and he was told by Mr. Tim Stuart that Mr. Stuart did not like his attitude, he was to clock out and go home, and to "use your good eye."

24. Mr. Daniels was outraged by the comment and expressed his dissatisfaction to Mr. Stuart, who responded by terminating Mr. Daniels' employment.

25. A week later, Mr. Bill Whitaker called Mr. Daniels and explained that Mr. Stuart had no right to terminate Mr. Daniels' employment, and that he was only suspended.

26. Mr. Whitaker requested a personal meeting of Mr. Daniels, but one never occurred.

4

27. On August 3, 2010, Mr. Daniels was contacted by Mr. Marvin Bird who notified Mr. Daniels that hhgregg was in fact terminating his employment.

28. Mr. Daniels has filed a second Charge of Discrimination for the additional retaliation and discrimination he incurred after filing his initial Charge of Discrimination in May, 2010.

## *CLAIM FOR RELIEF*

29. Plaintiff incorporates herein by reference paragraphs 1-28 above.

30. From the beginning of Mr. Daniels' employment with hhgregg, Mr. Daniels has been an individual with a "disability" within the meaning of Section 3(2) of the Americans with Disabilities Act, 42 U.S.C. 12102(2). More particularly, Plaintiff has a physical impairment that substantially limits one or more of his major life activities, has a record of such an impairment, and is regarded by hhgregg as having such an impairment.

31. Plaintiff is a "qualified individual with a disability" as that terms is defined in Section 101(8) of the ADA, 42 U.S.C. 12111(8). More specifically, Plaintiff is an individual with a disability who can perform the essential functions of his job in the warehouse of hhgregg.

32. The employees of hhgregg teased, tormented and harassed Mr. Daniels in regards to his disability creating a hostile work environment and discriminating against Mr. Daniels as a result of his disability in direct violation of Title I of the ADA, 42 U.S.C. 12101 *et seq.*

33. Furthermore, after Mr. Daniels complained of the discrimination, Mr. Daniels was retaliated against in direct violation of Title I of the ADA, 42 U.S.C. 12101 *et seq.*

34. As a direct and proximate result of Defendant's discrimination on the basis of disability, Plaintiff has suffered lost wages and benefits, and advancement opportunities.

35. Defendant's discrimination against Plaintiff has caused, continues to cause and will cause Plaintiff to suffer substantial damages for pecuniary losses, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

## *RELIEF REQUESTED*

Plaintiff Shannon Daniels, by counsel, requests the judgment of this Court against Defendant hhgregg as follows:

1) Find and hold that Plaintiff has suffered from Defendant's acts of discrimination on the basis of disability and retaliation;

2) Order Plaintiff be awarded the back pay, if any, he would have earned, with related monetary benefits and interest thereon, had he remained an employee of hhgregg;

3) Award Plaintiff compensatory damages in an amount to be determined at trial of this matter;

4) Award Plaintiff punitive damages in an amount to be determined at trial of this matter;

6

5) Award Plaintiff his attorney fees, including litigation expenses, and the costs of this action; and

6) Grant such other and further relief as may be just and proper.

Respectfully submitted,

WRUBLE & ASSOCIATES

By: _____
Stanley F. Wruble III (20437-20)
315 North Main Street
South Bend, Indiana 46601
Telephone: (574) 282-2200
stan@wrublelaw.com
Attorney for Plaintiff

## JURY DEMAND

Plaintiff Shannon Daniels, by counsel, demands a trial by jury on all issues so triable.

Respectfully submitted,

WRUBLE & ASSOCIATES

By: _____
Stanley F. Wruble III (20437-20)
315 North Main Street
South Bend, Indiana 46601
Telephone: (574) 282-2200
stan@wrublelaw.com
Attorney for Plaintiff